# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                         **CASE NO: 5:13-cr-26-Oc-PRL**

**THOMAS W. HARTER**

## ORDER

On October 17, 2013, pursuant to prior notice, the Court held a hearing to address the status of counsel in this case. The Defendant, his counsel Mark Schleben, Esq., and counsel for the United States were present.

The Defendant first appeared before the Court on April 22, 2013 with his counsel, Mr. Schleben. Defendant proceeded to trial with Counsel. At the close of trial, the jury found Defendant guilty of Counts One through Six of the Superseding Information. (Doc. 80). After Mr. Schleben timely filed post-trial motions, he moved the Court to withdraw as counsel and recited that "Dr. Harter wishes to exercise his legal right to defend and represent himself in all further proceedings before this Court". (Doc. 86).

During the hearing regarding status of counsel, the Court advised the Defendant that if he intended to waive his right to have an attorney represent him and instead to represent himself the Court was required to conduct an inquiry to determine whether the waiver was knowing and voluntary. Accordingly, as required by *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L. Ed. 2d 562 (1975), the Court engaged in a colloquy with the Defendant to determine whether the Defendant was making a knowing and voluntary waiver of his right to be represented by counsel after being fully advised of the dangers and disadvantages of representing himself.

The Defendant was personally addressed by the Court and questioned concerning his background, experience with criminal proceedings, knowledge of the law, understanding of

defenses and the Defendant's knowledge of the rules of procedure, evidence and courtroom decorum. The Defendant was advised of the charges for which he has been convicted and the maximum penalties as to each such charge. Further, the Court explored with the Defendant in detail the advantages of having an attorney represent him and the dangers and disadvantages of representing himself at all phases of the proceedings that remain, including sentencing and on appeal (as well as during any potential pretrial and trial proceedings if this case is ever tried again). Despite having been advised by the Court of the disadvantages and dangers of representing himself in this case, the Defendant repeatedly responded that he wished to "stand on his affidavit." The Court advised Defendant that it would construe his repeated answer that he wished to "stand on his affidavit" as confirming his desire, as expressed in his filings, that he wished to exercise his constitutional right to represent himself and waive his right to have a lawyer represent him. The Defendant was further advised that if he could not afford to retain counsel the Court would appoint counsel to represent him at no obligation. The Defendant declined the Court's invitation, again stating that he wished to "stand on his affidavit." Mr. Schleben advised the Court that it was his understanding that Dr. Harter wished to represent himself, and he was unaware of any objection on Dr. Harter's behalf to Mr. Schleben withdrawing as his counsel.

Accordingly, the Court concludes that the Defendant has been made aware of the dangers and disadvantages of self-representation and knows what he is doing and has made the choice with his eyes wide open. Therefore, the Court finds that the Defendant has knowingly, voluntarily, and freely waived the right to counsel. The Court will, therefore, permit the Defendant to represent himself. Defendant's Motion (Doc. 86) for Mark Schleben, Esq., to withdraw as counsel is GRANTED. Mark Schleben, Esq., is hereby relieved of further responsibility for the representation of Defendant in this case, and he shall be removed from the CM/ECF filing for this case.

Further, for the reasons stated by the Court during the hearing, the Government's oral motion that Mr. Schleben remain as standby counsel is DENIED. The Defendant himself did not request it and his filings and responses at the hearing are consistent with his desire to represent himself, without the assistance of counsel, whether as standby counsel or otherwise.

During the hearing, the Court also addressed Defendant's Renewed Motion for New Trial, Motion for Judgment of Aquittal, Motion to Arrest Judgment, and Renewed Motion for a Kastigar or Jackson-Denno Hearing (Doc. 85), which was filed through his counsel Mr. Schleben, as well as Defendant's *pro se* Motion for Temporary/Conditional Withdraw of Motion for New Trial (Doc. 88), and Defendant's *pro se* Motion entitled "Jurisdictional Challenge, Rejection to Alleged Conviction, Official Misconduct Charge, and Demand in the Name of Justice" (Doc. 89). For the reasons stated by the Court on the record during the hearing, Defendant's Motions (Docs 85, 88, and 89) are each DENIED in their entirety.

**DONE** and **ORDERED** in Chambers in Ocala, Florida on October 17, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Court Security Officers